IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| STEVEN GEORGE FAIR, Sovereign in Common article IV, Sec. 2, in Sojourn; THE OFFICE OF PRESIDING PATRIARCH STEVEN GEORGE FAIR AND SUCCESSORS, a corporate sole; and THE ORGANIC ASSEMBLY OF YAHSHUA, an unincorporated religious society, | 3:12-cv-1714-AC<br><br>ORDER |

Plaintiffs,

v.

I.R.S.; BANK OF AMERICA; UNITED STATES 28 USC 3002(15); and OFFICE OF GOVERNOR FOR OR KITZHABER, JOHN,

Defendants.

ACOSTA, Magistrate Judge:

Steven George Fair ("Fair"), appearing *pro se*, the Office of Presiding Patriarch Steven George Fair, and the Organic Assembly of Yahshua, filed a Complaint against the Internal Revenue

1 - ORDER

Service ("IRS") and the United States, as that term is defined in 28 U.S.C. § 3002(15) (collectively "United States"), Bank of America, N.A. ("BOA"), and Governor John Kitzhaber ("Governor Kitzhaber"), alleging violations of various provisions of the United States Constitution, including Articles I-VI and X; and state law claims for breach of contract and breach of fiduciary duties. Fair challenged the IRS's efforts to collect an outstanding tax liability assessed against him in the amount of $280,000. Fair sought both injunctive and monetary relief.

During the pendency of this case Fair passed away. On September 17, 2013, the United States filed a Suggestion of Death Upon the Record, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

FED. R. CIV. P. 25(a)(1). To start the 90-day period running under the Rule, a party must both formally suggest the death of the party on the record, and it must serve the parties and deceased party's successor with the suggestion of death. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).

Here, the successor to Steven George Fair is his estate, and the personal representative of the estate is his son, Robert Fair. (Adam D. Strait Decl. Ex. A, Feb. 4, 2014.) Robert Fair is represented with respect to estate matters by Ryan Haan. (Strait Decl. Ex. B.) Haan agreed to accept service of the Suggestion of Death on his client's behalf. (Strait Decl. Ex. B.) Haan was personally served with the Suggestion of Death on October 24, 2013. (Strait Decl. Ex. C.)

More than 90 days have elapsed since Haan was served, and Robert Fair has not filed a motion for substitution. In fact, Haan expressly indicated Robert Fair did not intend to file such a

motion (Strait Decl. Ex. B). Accordingly, the United States filed an Unopposed Joint Motion to Dismiss Case Pursuant to Rule 25(a), requesting dismissal of all claims asserted by Fair against all defendants.

Upon a review of the record and pleadings before the court, it is determined the requirements for a Rule 25(a)(1) dismissal have been satisfied. Based upon this review, the court concludes the United States' Unopposed Joint Motion to Dismiss Case Pursuant to Rule 25(a) (doc. # 103) is GRANTED. Accordingly, Fair's Complaint (doc. #2) is DISMISSED, with prejudice. All pending motions are denied as MOOT.

IT IS SO ORDERED

Dated this 4th day of February 2014

John V. Acosta
United States Magistrate Judge